## JAMES W. CLARK v. JOSHUA SHORT.

**Admission by Pleading.**
> Where a debtor owes a note and an account to the same person, and in a suit on the note the answer sets up that in addition to the credits entered on the note the defendant had sent money by another with a direction to have it applied on the note, and plaintiff replies, denying that it was to be paid on the note and charging that it was directed to be credited on another debt, no rejoinder being filed, such reply does not amount to an admission by defendant that the money was to be so applied in the payment of the account.

APPEAL FROM MARION COURT OF COMMON PLEAS.

September 11, 1880.

OPINION BY JUDGE HINES:

The answer charges, in substance, that, in addition to the credits entered on the note sued on, appellee sent $56.25 by the hands of a certain person, with directions to have it credited on the note sued on. To this matter appellant replied, admitting the receipt of the money, denying that it was to be paid on the note sued on, and charging that it was directed to be paid on another debt due to Lisle by appellee. To this there was no rejoinder, and appellant insists that it amounts to an admission by appellee that the money was to be so applied in the payment of the debt to Lisle. We do not think that the pleadings are subject to such a construction. Upon the allegation that this sum of $56.25 was to be paid on the debt sued on, a direct issue was formed, a determination of which would necessarily dispose of the charge that this sum was paid on the debt of Lisle by direction of appellee. That allegation of the reply is only incidental to the main issue, i. e., was the amount paid on the debt sued on? It is evident from the preparation and progress of the case that the issue as stated above was considered by both parties as fairly presented, and it would appear to be trifling with the rights of the parties to reverse this case upon the ground alone that no rejoinder had been filed, which, if filed, would have made only a collateral and immaterial issue.

We cannot reverse upon the evidence. It is a long and well established rule of this court to treat the finding of a court upon a case like this as the verdict of a properly instructed jury. So treating it, the judgment should not be disturbed unless found to be flagrantly against the weight of evidence. Such is not the case here. The evidence is ample to support the judgment; wherefore it is *affirmed.*

*W. B. Harrison,* for appellant. *J. R. Thomas,* for appellee.